IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,375-01






EX PARTE TIMOTHY E. MASSEY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR05-00021A IN THE 294TH DISTRICT COURT


FROM VAN ZANDT COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault and sentenced to life imprisonment. The Twelfth Court of Appeals affirmed his conviction.
Massey v. State, AP-12-06-00266-CR, (Tex. App. -- Tyler, 2007, pet. ref'd.) (not designated for
publication). 

 Applicant contends that his trial counsel rendered ineffective assistance because counsel
failed to introduce any evidence at the adjudication proceeding and that the trial judge therefore
imposed a life sentence which was the maximum sentence allowed by law. Specifically, Applicant
alleges that counsel should have presented evidence that he had never been in serious trouble with
the law before and only had two prior misdemeanor convictions. Also, counsel should have
presented evidence of a proposed rehabilitation plan. Finally, counsel should have objected to the
introduction of polygraph evidence. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. The trial court shall provide Applicant's trial counsel with the opportunity to
respond to Applicant's claim of ineffective assistance of counsel in that it shall order counsel to file
an affidavit addressing: (1) whether counsel introduced any evidence at the adjudication proceeding
and, if not, why counsel decided not to introduce evidence; (2) whether counsel introduced evidence
showing that Applicant had never been in serious trouble with the law before and, if so, what
evidence counsel introduced; (3) whether counsel introduced evidence of a proposed rehabilitation
plan and, if so, what evidence counsel introduced; and, (4) whether counsel objected to the
admission of polygraph evidence and, if not, why counsel did not believe that it was necessary to
object. The trial judge shall also supplement the record with a copy of a transcription of the court
reporter's notes from the adjudication proceeding. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. 
Specifically, the trial court shall make findings of fact as to whether counsel introduced any evidence
at the adjudication proceeding and, if not, why counsel decided not to introduce evidence. The trial
court shall also make findings of fact as to whether counsel introduced evidence showing that
Applicant had never been in serious trouble with the law before and, if so, what evidence counsel
introduced. The trial court shall also make findings of fact as to whether counsel introduced
evidence of a proposed rehabilitation plan and, if so, what evidence counsel introduced. Finally, the
trial court shall make findings of fact as to whether counsel objected to the admission of polygraph
evidence and, if not, why counsel did not believe that it was necessary to object. The trial court shall
also make any other findings of fact and conclusions of law that it deems relevant and appropriate
to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: March 11, 2009

Do not publish